United States District Court
Southern District of Texas
**ENTERED**
July 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK EUGENE MALLEY, Inmate #301089, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-1881 |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Patrick Eugene Malley (Inmate #301089, former TDCJ #1089937), is presently in custody at the Montgomery County Jail in Conroe, Texas. He has filed a petition for a "Writ of Mandamus" against the State of Texas ("Petition") (Docket Entry No. 1) in connection with parole revocation proceedings that are pending against him. Because Malley is a prisoner who has not paid the filing fee, the court is required to scrutinize the pleadings and dismiss the action, in whole or in part, if it determines that his submission is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Malley reports that he was convicted on September 22, 2001, and sentenced to 25 years' imprisonment for a "non-aggravated" offense in Harris County Cause No. 888765. See Petition, Docket Entry No. 1, p. 1. Court records reflect that Malley pled guilty to felony driving while intoxicated in that case, which was enhanced for purposes of punishment with prior convictions for murder and unlawful possession of a firearm by a felon. See Malley v. State, No. 01-02-00263-CR, 2002 WL 992550, at *1 (Tex. App. — Houston [1st Dist.] May 16, 2002, pet. ref'd) (per curiam) (dismissing Malley's appeal for lack of jurisdiction).

Malley notes that he was released from state prison on parole on July 12, 2010, after accumulating eight years and ten months of "good-time" and "work-time" credit on his sentence. See Petition, Docket Entry No. 1, p. 1-2. According to the Certificate of Parole provided by Malley, his sentence will expire on September 22, 2026, depending on whether he has "satisfactorily completed" his term of supervised release by complying with conditions imposed by the State of Texas through the Board of Pardons and Paroles. See Exhibit, Certificate of Parole, attached to Petition, Docket Entry No. 1, p. 6.

Malley alleges that he is now in custody at the Montgomery County Jail, where bail has been set at $50,000.00, pending parole

revocation proceedings that threaten to unlawfully lengthen his sentence. See Petition, Docket Entry No. 1, pp. 1, 2, 4. Arguing that the proceedings constitute "Slavery Under Color of State Law," Malley explains that the revocation of his parole would violate the Double Jeopardy Clause and the Thirteenth Amendment because officials have "arbitrarily" taken the good-time and work-time credit that he earned previously while in prison when calculating his sentence. Id. at 1, 2. Therefore, Malley asks this court to issue a writ of mandamus to direct the State of Texas and the officials involved with his parole revocation proceeding to restore all of his previously earned good-time and work-time credits to his sentence. Id. at 4. He also requests an order directing the State of Texas to provide legal counsel for prisoners with mental health issues and to enact "real bail reform" for those who are awaiting the revocation of parole. Id. at 5.

## II. Discussion

The court is mindful that Malley represents himself and that his pleadings are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, a court may dismiss a civil action filed by a prisoner if his claims lack an "arguable basis in law or

fact." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Malley seeks relief under the federal mandamus statute, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The State of Texas and its officials are not employees of the United States. This court may not grant injunctive relief or issue federal writs of mandamus to direct state officials in the performance of their duties. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Accordingly, the Petition will be dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous.[1]

### III. Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Petition for Writ of Mandamus filed by Patrick Eugene Malley (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) as

---

[1] To the extent that Malley's claims implicate his state prison sentence, the court declines to treat the Petition as one seeking federal habeas corpus relief because it appears that his parole has not yet been revoked. It further appears that Malley has not exhausted available state court remedies as required where any of his claims are concerned. See 28 U.S.C. § 2254(b).

frivolous.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner. The Clerk will also send a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 1st day of July, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE